OPINION OF THE COURT
Anthony J. Mercorella, J.
In this nonjury action plaintiff purchaser is seeking to recover from defendant vendor the sum of $893 representing the payment made by plaintiff for a motorcycle.
The parties entered into a sales contract wherein defendant agreed to deliver a motorcycle to plaintiff by June 30, 1978, for the agreed price of $893. The motorcycle was subsequently stolen by looters during the infamous power blackout of July 11, 1977.
It is uncontroverted that plaintiff paid for the motorcycle in *647 full; was given the papers necessary for registration and insurance and did in fact register the cycle and secure liability insurance prior to the loss although license plates were never affixed to the vehicle. It is also conceded that the loss occurred without any negligence on defendant’s part.
Plaintiff testified that defendant’s salesman was informed that plaintiff was leaving on vacation and plaintiff would come for the cycle when he returned. He further testified that he never saw or rode the vehicle. From the evidence adduced at trial it is apparent that plaintiff never exercised dominion or control over the vehicle.
Defendant’s president testified that he had no knowledge of what transpired between his salesman and plaintiff, nor why the cycle was not taken prior to its loss.
The sole issue presented to the court is which party, under the facts disclosed, bears the risk of loss?
It is the opinion of this court that defendant must bear the risk of loss under the provisions of subdivision (3) of section 2-509 of the Uniform Commercial Code.
This section provides that "the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant”. Section 2-103 (subd [1], par [c]) states that receipt of goods means taking physical possession of them.
The provision tends more strongly to hold risk of loss on the seller than did the former Uniform Sales Act (1955 Report of NY Law Rev Comm, p 489). Whether the contract involves delivery at the seller’s place of business or at the situs of the goods, a merchant seller cannot transfer risk of loss and it remains on him until actual receipt by the buyer, even though full payment has been made and the buyer notified that the goods are at his disposal. The underlying theory is that a merchant who is to make physical delivery at his own place continues meanwhile to control the goods and can be expected to insure his interest in them (McKinney’s Cons Laws of NY, Book 62 ½, Uniform Commercial Code, Official Comment No. 3 to § 2-509, p 442; 50 NY Jur, Sales, § 72).
The court is also of the opinion that no bailee-bailor relationship, constructive or otherwise, existed between the parties.
Accordingly, let judgment be entered in favor of plaintiff for the sum of $893, together with interest, costs and disbursements.